IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01650-MJW

JERRY L. CHASE,

Applicant,

v.

RANDY LIND, Warden, Arkansas Valley Correctional Facility, and
JOHN SUTHERS, Attorney General, State of Colorado,

Respondents.

---

## ORDER TO DISMISS IN PART

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this Court pursuant to the Order of Reference entered May 8,

2015, and the parties' unanimous consent to disposition of this action by a United

States Magistrate Judge.

Applicant Jerry L. Chase is a prisoner in the custody of the Colorado Department

of Corrections. Mr. Chase has filed a *pro se* Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 (Docket No. 1) ("the Application") challenging the validity

of his conviction and sentence in Grand County District Court case number 08CR147.

On June 13, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a

Pre-Answer Response limited to addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28

U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses

in this action. On July 1, 2014, Respondents filed a Pre-Answer Response (Docket No. 9) arguing that claim 3 in the Application is procedurally defaulted and that claim 4(b) is not cognizable in a habeas corpus action. Respondents concede that the Application is timely and that Mr. Chase's other claims are exhausted. On July 16, 2014, Mr. Chase filed "Applicant's Reply to Preliminary Response" (Docket No. 10).

The Court must construe the Application and other papers filed by Mr. Chase liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part.

## I. BACKGROUND

Mr. Chase was charged with various offenses for sending a series of threatening emails to a number of recipients after an eviction notice was posted on the door of his apartment.

> After a two-day jury trial, the jury convicted Chase of three counts of felony stalking, one for each of the three named victims. He was also convicted of . . . three misdemeanor counts of harassment by computer. The court sentenced Chase to the maximum presumptive sentence of four years on each of the felony counts, ordering that the sentences run consecutively, for a cumulative prison sentence of twelve years.

*People v. Chase*, No. 09CA1908, slip op. at 5 (Colo. App. Mar. 14, 2013) (Docket No. 9-3 at 6). The judgment of conviction and the sentences imposed were affirmed on direct appeal. *See id.* On April 7, 2014, the Colorado Supreme Court denied Mr. Chase's petition for writ of certiorari on direct appeal. (*See* Docket No. 9-5.)

2

The Application was filed on June 12, 2014. In claim 1 Mr. Chase contends the evidence was insufficient to prove beyond a reasonable doubt: (a) that he made a credible threat to the named victims; and (b) that subsequent communications were repeated or in connection with any threat. He contends in claim 2 that there was insufficient evidence to establish subject matter jurisdiction for counts two and three because no part of those offenses was committed in the State of Colorado. He contends in claim 3 that his rights under the Due Process, Equal Protection, and Double Jeopardy Clauses were violated because the trial court failed to respond directly to a jury question about subject matter jurisdiction. Finally, he contends in claim 4 that § 18-9-111(4)(B)(II) of the Colorado Revised Statutes is unconstitutional as applied because: (a) the email communications are protected by the First Amendment; and (b) his right to equal protection was violated. As noted above, Respondents argue that claim 4(b) is not a cognizable federal constitutional claim. Mr. Chase states in his reply to the Pre-Answer Response that he will not contest this argument. Therefore, claim 4(b) will be dismissed.

## II. ONE-YEAR LIMITATION PERIOD

Respondents concede that this action is not barred by the one-year limitation period in 28 U.S.C. § 2244(d).

## III. EXHAUSTION OF STATE REMEDIES

Respondents concede that claims 1(a), 1(b), 2, and 4(a) in the Application are exhausted. However, Respondents argue that claim 3 is unexhausted and procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all

available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Mr. Chase contends in claim 3 that his rights under the Due Process, Equal Protection, and Double Jeopardy Clauses were violated because the trial court failed to respond directly to a jury question about subject matter jurisdiction. Respondents contend that Mr. Chase failed to exhaust state remedies for claim 3 because, although he raised a factually similar claim on direct appeal, the claim he raised on direct appeal was presented only as a question of state law and not as a federal constitutional claim. Mr. Chase does not argue that he identified claim 3 as a federal constitutional claim on direct appeal. Instead, he argues that claim 3 is exhausted because the briefs he filed on direct appeal in state court included a citation to a Colorado Supreme Court case, *Leonardo v. People*, 728 P.2d 1252 (Colo. 1986), that cites a United States Supreme Court case, *Bollenbach v. United States*, 326 U.S. 607 (1946). Mr. Chase specifically contends that he quoted a passage from *Leonardo* in his briefs on direct appeal that "evokes a question of basic protections under the U.S. Constitution – particularly fundamental fairness, or Due Process – and thus, in conjunction with *Bollenbach*, adequately alerts the state courts to the constitutional nature of the claims." (Docket No. 10 at 2.) The particular passage from *Leonardo* that Mr. Chase contends evoked a

question of fundamental fairness under the Due Process Clause is the following:

> [W]hen the jury indicates to the judge that it does not understand an element of the offense charged or some other *matter of law central to the guilt or innocence of the accused*, the judge has an obligation to clarify that matter for the jury in a concrete and unambiguous way.

(Docket No. 9-1 at 22 (quoting *Leonardo*, 728 P.2d at 1256) (emphasis added).)

The Court agrees with Respondents that Mr. Chase did not fairly present to the state courts the federal constitutional issues he raises in claim 3 in the Application. Mr. Chase does not even address the issue of exhaustion with respect to the equal protection and double jeopardy components of claim 3 in the Application. The Court also is not persuaded that Mr. Chase fairly presented the due process component of claim 3 in the Application as a federal constitutional claim.

"If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. Thus,

> [a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

The Court has reviewed Mr. Chase's opening brief on direct appeal and finds that, unlike the other federal constitutional claims in the Application that were raised and exhausted on direct appeal, claim 3 in the Application was not labeled or otherwise

identified as a federal claim. (*See* Docket No. 9-1 at 20-23.) The Court also is not persuaded that Mr. Chase's references to *Leonardo* in his state court briefs fairly presented a federal constitutional claim. The Colorado Supreme Court in *Leonardo* was not addressing or deciding a federal constitutional claim in holding that the trial court "committed prejudicial error when it failed to respond adequately to the jury's inquiry." *Leonardo*, 728 P.2d at 1256. Thus, the Colorado Supreme Court's reference to a "matter of law central to the guilt or innocence of the accused" does not evoke a question of fundamental fairness under the Due Process Clause of the United States Constitution. The Colorado Supreme Court did cite the United States Supreme Court's decision in *Bollenbach*. *See id.* However, the Colorado Supreme Court cited *Bollenbach* only for the proposition that "[w]hen a jury makes explicit its difficulties a trial court should clear them away with concrete accuracy." *Id.* This citation does not demonstrate the Colorado Supreme Court was deciding *Leonardo* on federal grounds. Therefore, the Court finds that Mr. Chase fails to satisfy his burden of demonstrating claim 3 exhausted.

## IV. PROCEDURAL DEFAULT

Although Mr. Chase failed to exhaust state remedies for claim 3, the Court may not dismiss claim 3 for failure to exhaust state remedies if Mr. Chase no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Respondents contend that Mr. Chase no longer has an adequate and effective state remedy available to him, and that claim 3 is procedurally defaulted, because Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure bars Mr. Chase from raising

claim 3 in a new postconviction motion as a federal constitutional claim. Rule 35(c)(3)(VII) provides that, with limited exceptions not applicable to this action, "[t]he court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought." Thus, it is clear that Mr. Chase may not return to state court to pursue his unexhausted claim 3.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Even if the unexhausted claim has not actually been raised and rejected by the state courts, the claim still is subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule. *See Coleman*, 501 U.S. at 735 n.1.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases." *Id.*

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730. Mr. Chase's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Chase fails to demonstrate or even argue that Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure is not independent and adequate. In any event, the Court finds that Rule 35(c)(3)(VII) is independent because it relies on state rather than federal law. The rule also is adequate because it is applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010) (applying Crim P. Rules 35(c)(3)(VII) to reject claims that could have been raised in a prior postconviction motion). Therefore, claim 3 is procedurally defaulted and the Court cannot consider the merits of that claim unless Mr. Chase demonstrates either cause and prejudice or a fundamental miscarriage of justice.

To demonstrate cause for his procedural default, Mr. Chase must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If Mr. Chase can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Mr. Chase makes no attempt to demonstrate cause and prejudice or a fundamental miscarriage of justice. Instead, he argues that he is not required to

demonstrate cause and prejudice "because the claimed defect is jurisdictional."
(Docket No. 10 at 2.)  The Court rejects this conclusory argument because Mr. Chase
fails to demonstrate the due process, equal protection, and double jeopardy arguments
he raises in claim 3 in the Application are jurisdictional issues not subject to the
procedural default doctrine.  Therefore, claim 3 is procedurally barred and must be
dismissed.

## V.  CONCLUSION

In summary, Respondents do not raise the one-year limitation period as an
affirmative defense and Respondents concede that claims 1(a), 1(b), 2, and 4(a) are
exhausted.  Mr. Chase concedes that claim 4(b) does not raise a cognizable federal
constitutional issue and claim 3 will be dismissed as unexhausted and procedurally
barred.  Accordingly, it is

**ORDERED** that claim 4(b) in the Application is DISMISSED for failure to raise a
cognizable federal constitutional issue.  It is further

**ORDERED** that claim 3 in the Application is DISMISSED because the claim is
unexhausted and procedurally barred.  It is further

**ORDERED** that within thirty days Respondents are directed to file an answer in
compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully
addresses the merits of the remaining claims.  It is further

**ORDERED** that within thirty days of the filing of the answer Applicant may file a
reply, if he desires.

DATED May 8, 2015.

BY THE COURT:

MICHAEL J. WATANABE
United States District Judge

11